UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ELAWAME WAHID,

                                     Plaintiff,

                                -against-

OFFICER DENNIS MOGELNICKI; OFFICER
HUMBERTO MANTUANO; OFFICER ADAM
ABDULLA; DETECTIVE DENIS BRODERICK;
DETECTIVE DAVID BEUTEL; DETECTIVE JOSEPH
FAIVUS; and SERGEANT EDWARD SWENSON,

                                   Defendants.

**MEMORANDUM OF
DECISION AND ORDER**

15-cv-2869 (LDH) (CLP)

------------------------------------------------------------------------ x

LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Elawame Wahid brings the instant action against Defendants Officers Dennis Mogelnicki, Humberto Mantuano, and Adam Abdulla, Detectives Denis Broderick, David Beutel, Joseph Faivus, and Sergeant Edward Swenson (collectively, "Defendants"). Plaintiff alleges that he was falsely arrested, falsely imprisoned, and deprived of property without due process of law in violation of 42 U.S.C. § 1983.[1] Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not opposed the motion.

## BACKGROUND

      During the relevant period, Plaintiff was a resident of Astoria, Queens. (Compl. 11, ECF No. 10.) On May 4, 2012, three individuals allegedly broke into Plaintiff's apartment and assaulted and robbed him. (*Id.*) Plaintiff alleges that two of the assailants escaped through the apartment window, but the third fell onto a knife while trying to escape. (*Id.*) Defendants

---

[1] On January 11, 2016, the previously assigned district court judge issued a Memorandum and Order *sua sponte* dismissing the majority of the Defendants and claims in the case. (Jan. 11, 2016 Mem. and Order, ECF No. 15.)

Mogelnicki and Mantuano arrived at the scene and saw the third assailant's body on the floor. (*Id.* at 12.) Mogelnicki and Mantuano placed Plaintiff under arrest. (*Id.*) Plaintiff alleges that, upon his arrest, the officers took $6,370, as well as his phone, tablet, wallet, and passport. (*Id.*) Plaintiff was later given a receipt that did not account for the allegedly confiscated possessions or his money. (*Id.*) On April 4, 2016, Plaintiff was convicted at trial of murder in the second degree. (Ceriello Decl. Ex. D, ECF No. 43-4.)[2]

## STANDARD OF REVIEW

To withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at a trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the court must accept the factual allegations of the complaint as true." *Id*. (internal citation omitted).

Where, as here, the plaintiff is proceeding pro se, courts are "obliged to construe the plaintiff's pleadings liberally." *Giannone v. Bank of Am., N.A.*, 812 F. Supp. 2d 216, 219-20 (E.D.N.Y. 2011) (quoting *McKluskey v. N.Y. State Unified Court Sys.*, No. 10-cv-2144, 2010 WL

---

[2] The Court takes judicial notice of Plaintiff's Certificate of Disposition concerning his conviction for murder in the second degree. *See Daniels v. Bonilla*, No. 14-cv-3017, 2015 WL 4894683, at *4 n.8 (E.D.N.Y. Aug. 17, 2015) ("The court may take judicial notice of the Certificate of Disposition for the limited purpose of recognizing that plaintiff's prosecution resulted in a conviction.")

2558624, at *2 (E.D.N.Y. June 17, 2010)). Because pro se litigants are entitled to a liberal construction of their pleadings, their complaints should be read to "raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Id.* (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Accordingly, "the dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Rios v. Third Precinct Bay Shore,* No. 08-cv-4641, 2009 WL 2601303, at *2 (E.D.N.Y. Aug. 20, 2009).

## DISCUSSION

### I. Plaintiff's § 1983 False Arrest and False Imprisonment Claims

Defendants move to dismiss Plaintiff's false arrest and false imprisonment claims on the basis that Plaintiff's April 6, 2016 conviction bars those claims. (Defs.' Mem. 4, ECF No. 44.) A person who has been convicted of the crime for which he was arrested cannot state a claim for false arrest. *Johnson v. Pugh*, No. 11-cv-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) (citing *Cameron v. Fogarty*, 806 F.2d 380, 388-89 (2d Cir. 1986)); *see also McFadden v. New York*, No. 10-cv-141, 2011 WL 6813194, at *4 (E.D.N.Y. Dec. 28, 2011) (collecting cases) ("Courts in the Second Circuit routinely dismiss [false arrest] claims where the plaintiff's conviction has not been overturned or otherwise invalidated."). Because Plaintiff was ultimately convicted for murder in the second degree based on the events underlying this case, the officers had probable cause to arrest him. Therefore, Plaintiff fails to state a claim for false arrest, and

3

the Court dismisses this claim. So, too, must the Court dismiss Plaintiff's false imprisonment claim. *See Cameron*, 806 F.2d at 387 (rule barring convicted plaintiff from pursuing false arrest claims is "equally applicable" to false imprisonment claims).

## II. Plaintiff's Deprivation of Property Claim

Defendants also move to dismiss Plaintiff's Fourteenth Amendment deprivation of property claim because Plaintiff has failed to show that any interference with his property was authorized or that state remedies were inadequate. (Defs.' Mem. 5.) Deprivation of property by a state actor, whether done intentionally or negligently, will not support a due process claim redressable under § 1983 if "adequate state post-deprivation remedies are available." *Davis v. New York*, 311 F. App'x 397, 400 (2d Cir. 2009) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)) (dismissing deprivation of property claim under § 1983 where defendants failed to deliver package to inmate because other state remedies were available).

Courts addressing this issue have dismissed federal claims for deprivation of property without due process of law, reasoning that New York has adequate state post-deprivation remedies. That is, a plaintiff may bring a state law claim for negligence, replevin or conversion with the Court of Claims. *Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983) (affirming dismissal of inmate's claim that property was taken by correctional officers because "no civil rights action lies if the state provides an adequate compensatory remedy" and noting that New York's Court of Claims provided adequate post-deprivation remedies); *David v. N.Y.P.D. 42nd Precinct Warrant Squad*, No. 02-cv-2581, 2004 WL 1878777, at *5 (S.D.N.Y. Aug. 23, 2004) (dismissing plaintiff's claim for deprivation of property without due process because New York provides an adequate post-deprivation remedy in the form of state law causes of action for negligence, replevin, or conversion). Further, Plaintiff has not pleaded any facts that would

4

indicate that the deprivation was authorized or the result of an established state procedure. *David*, 2004 WL 1878777, at *5 (dismissing claim in part because plaintiff failed to show that the deprivation of his property was the result of an established state procedure, rather than a "random and unauthorized act"). Based on Plaintiff's allegations, the Court can only assume that any deprivation of property was random or unauthorized. Accordingly, Plaintiff's due process claim for deprivation of property is dismissed.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed in its entirety for failure to state a claim upon which relief can be granted. The Clerk of the Court is hereby respectfully requested to enter judgment in accordance with this Memorandum and Order and close the case.

SO ORDERED:

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
May 17, 2017